Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN,
LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
Tel: (626) 795-4700
Fax: (626) 795-4790

James H. Hanson, *Pro Hac Vice* (IBN 0810049)
jhanson@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PC
10 West Market Street, Suite 1500
Indianapolis, IN 46204
Tel: (317) 637-1777
Fax: (317) 687-2414
Attorneys for Defendants,
U.S. XPRESS ENTERPRISES, INC. and
U.S. XPRESS, INC.

*(Additional Counsel listed below)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AYALA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC., U.S. XPRESS, INC., and DOES 1-100,<br><br>Defendants. | Case No. 5:16-cv-00137-GW-KK<br><br>[~~PROPOSED~~] **ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER**<br><br>Complaint Filed: December 23, 2015<br><br>NOTE CHANGES MADE BY THE COURT |

Upon the stipulation of the parties, a protective order is granted and entered as follows:

**1. Purposes and Limitations.**

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosures and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to and petition the Court enter the following Stipulated Protective Order ("Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2. Good Cause Statement.**

This action is likely to involve commercial, financial, and/or proprietary business information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices and organization, confidential commercial information (potentially including information implicating the privacy rights of third parties, information otherwise generally unavailable to the public, or information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly,

to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. Nondisclosure of Confidential Documents.**

(a)   "Document" means, without limiting its generality, any physical thing containing information or any written, recorded, graphic or other matter, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, belts, charges, film, computer storage devices or any other medium, including but not limited to all documents necessary to the comprehension or understandings of any designated document, such as computer code or metadata, and includes but is not limited to originals, drafts, redrafts and each separate copy of each document.

(b)   Except with prior written consent of the party designating a document to be protected from disclosure or as set forth in Paragraph 2 below, no document designated as CONFIDENTIAL may be disclosed to any person or entity. A party who produces material may designate it as CONFIDENTIAL when the party in good faith believes it contains proprietary information, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. A document designated as CONFIDENTIAL means any document which bears the legend CONFIDENTIAL or, if it is not feasible to label the document, which the

producing party indicates via cover letter or otherwise at the time of production is being produced as CONFIDENTIAL.

(c) Except with prior written consent of the party designating a document to be protected from disclosure or as set forth in Paragraph 3 below, no document designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY may be disclosed to any person or entity. A party who produces material may designate it as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY when the party in good faith believes it contains highly sensitive proprietary information, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. A document designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY means any document which bears the legend CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY or, if it is not feasible to label the document, which the producing party indicates via cover letter or otherwise at the time of production is being produced as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY.

(d) A party receiving from another party any document that has been designated as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY may object in writing to the designation and must state the reasons for such objection with respect to each item. The parties shall then meet and confer in good faith regarding the designation. If the parties are unable to come to an agreement regarding the designation, the party challenging the designation shall be obligated to file a motion with the Court challenging such designation. Any such motion shall be filed in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

(e) This Stipulated Protective Order shall be without prejudice to the right of any party to: bring before the Court at any time that is consistent with the Court's Scheduling Order the question of whether any information or documents

are confidential; object to the production of any information or documents it reasonably considers not subject to discovery or object to their use at trial; and/or apply to or move the Court for an order compelling production of information or documents or modifying this Stipulated Protective Order.

**4. Court Use and Court Personnel.**

Notwithstanding anything to the contrary in this Protective Order:

(a) Any use of material designated CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.

(b) The terms of this Protective Order do not apply to the Court and court personnel, who are subject *only* to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

**5. Permissible Disclosures of CONFIDENTIAL Documents.**

Notwithstanding paragraph 1, documents designated as CONFIDENTIAL may be disclosed to:

(a) the parties and their legal counsel in these proceedings;

(b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(c) persons with prior knowledge of the documents designated as CONFIDENTIAL and confidential information contained therein;

(d) experts who will be providing professional opinions based upon a review of the CONFIDENTIAL information;

(e) court officials involved in this litigation, including court reporters; and

(f) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

(g) any other individual who has been advised of the contents of this Protective Order and has signed a non-disclosure agreement in the form of Exhibit "A." Insofar as disclosure of CONFIDENTIAL information to Professional Vendors, meaning persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, it shall suffice that an authorized representative of the Professional Vendor signs Exhibit "A".

**6. Permissible Disclosure of Confidential - For Attorney's Eyes Only Documents.**

Documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY may only be disclosed to (a) counsel for the parties; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation; (c) persons with prior knowledge of the documents designated as CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY and confidential information contained therein; (d) experts who will be providing professional opinions based upon a review of the CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY information; (e) court officials involved in this litigation, including court reporters; (f) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and (g) Professional Vendors, meaning persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. A party wishing to disclose documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY to any other person or entity must first obtain prior written consent from the producing party or the Court.

**7. Securing Confidential Documents and Information.**

Counsel for the parties must keep all documents designated as CONFIDENTIAL and all documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY which are received under this Stipulated Protective Order in a secure area. Prior to receiving any document designated as CONFIDENTIAL, Plaintiff or any person identified in Paragraph 2(d) or 2(g) shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a document of the form set forth as Exhibit "A" to this Stipulated Protective Order. Prior to receiving any document designated as CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY, any person identified in Paragraph 3(d) and a person representing any Professional Vendor identified in Paragraph 3(g) shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a document of the form set forth as Exhibit "A" to this Stipulated Protective Order. Such persons provided CONFIDENTIAL information shall return all CONFIDENTIAL information to Counsel upon termination of this litigation. Counsel making disclosure to any person described herein shall retain the original executed copy of the certificate until final resolution of this litigation. Prior to receiving any document designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, and after written consent to such production has been obtained from the producing party or Court, any person other than those identified in Paragraph 3 shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a document of the form set forth as Exhibit "A" to this Stipulated Protective Order. Such persons provided CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY information shall return all CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY information to Counsel upon termination of this litigation. Counsel

making disclosure to any person described herein shall retain the original executed copy of the certificate until final resolution of this litigation.

**8. Confidential Documents and Information in Depositions.**

(a) A deponent may during a deposition be shown and examined about documents designated as CONFIDENTIAL and CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY or confidential information contained therein only if the deponent is one of the persons or entities designated in Paragraph 2 or in compliance with the provisions of Paragraph 2 and/or Paragraph 3, as applicable. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined or asked to produce documents potentially subject to this Order.

(b) Parties (and deponents) may, within 30 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY by underlining the portions of the pages that are confidential and marking such pages with one of the following legends, as applicable: (i) CONFIDENTIAL or (ii) CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY. Until the expiration of the 30-day period, the entire deposition will be treated as CONFIDENTIAL pursuant to this Order. If no party or deponent timely designates information or testimony in a deposition as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, then none of the transcript or its exhibits will be treated as material protected by this Order.

**9. Filing.**

Any party seeking to file material designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY shall seek to file it under

seal according to the provisions of Civil Local Rule 79-5.  Material designated as CONFIDENTIAL or CONFIDENTIAL-FOR ATTORNEY'S EYES ONLY may only be filed under seal pursuant to a court order authorizing the sealing of the specified material.  If a party's request to file material designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**10. Inadvertent Disclosure.**

(a) If a party, through inadvertence, produces any information or documents without labeling or marking or otherwise designating it as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents and things as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, to persons not authorized to receive confidential information shall not be deemed to be a violation of this Order.

(b) If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the

producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

**11. Use.**

(a) Persons or entities obtaining access to documents designated as CONFIDENTIAL or documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY and confidential information contained therein under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrial), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

(b) If another court, administrative agency, tribunal, person, or entity subpoenas or orders production of information or documents designated as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY that a party has obtained pursuant to this Order, that party shall promptly notify the producing party of the subpoena or production order. Such notice must be provided in sufficient time to give the producing party, if possible, the opportunity to participate in quashing, modifying, or otherwise responding to any compulsory process in an appropriate and timely manner. Upon the filing by the producing party of a motion to quash or for protective order, the subpoenaed party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) not to withhold production. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena or court issued in another action.

(c) By stipulating to the entry of this Protective Order no party waives any right it otherwise would have had to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12. Non-Termination.**

The provisions of this Order shall survive the termination of this action and continue in full force and effect until further order of this Court. Within 60 days after final conclusion of all aspects of this litigation, documents designated as CONFIDENTIAL, documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, or documents containing confidential information, which include but are not limited to, all copies, abstracts, compilations, summaries, and any other format reproducing or capturing material designated as CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY, and all copies of same, shall be returned upon written request to the party or person that produced such documents, or, at the option of the producer, destroyed, except that counsel may retain one copy of all such documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein. The foregoing shall not be construed as creating any obligation to disclose documents protected by the attorney-client privilege or subject to the attorney work produce rule.

**13. Modification.**

Nothing in this Stipulation and Protective Order shall prevent any party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery that it believes to be otherwise improper.  Any motion brought by any party seeking to modify this Protective Order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

11
[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER
CASE NO. 5:16-CV-00137-GW-KK
634230.5

**14. Matters of Public Record.**

This Stipulated Protective Order shall not apply to any document or materials obtained by counsel which that counsel can demonstrate:

    (a)    were already a matter of public record before its receipt by discovery; or

    (b)    became a matter of public record after discovery without fault, negligence or a violation of this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated this __8TH__ day of __SEPTEMBER__, 2016.

BY THE COURT:

_____
The Honorable Kenly Kiya Kato
United States Magistrate Judge

# EXHIBIT "A"

# NONDISCLOSURE AGREEMENT

The undersigned, _____(print or type name of person) hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into in the case entitled *Anthony Ayala v. U.S. Xpress Enterprises, Inc. et al.*, has read the Stipulated Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Dated: _____

_____

[Signature]

_____

_____

[Address]

| | | |
|---|---|---|
| 1 | By | */s/James H. Hanson* |
| 2 | | James H. Hanson |
| | | jhanson@scopelitis.com |
| 3 | | E. Ashley Paynter |
| | | apaynter@scopelitis.com |
| 4 | | SCOPELITIS GARVIN LIGHT |
| | | HANSON & FEARY, P.C. |
| 5 | | 10 West Market Street, Suite 1400 |
| | | Indianapolis, IN 46204 |
| 6 | | Tel:   (317) 637-1777 |
| | | Fax:   (317) 687-2414 Fax |

ATTORNEYS FOR DEFENDANTS

U.S. XPRESS ENTERPRISES, INC. and U.S. XPRESS, INC.

By    */s/ Justin L. Swidler*
Justin L. Swidler, Esq.
SWARTZ SWIDLER, LLC
1101 Kings Hwy N., Suite 402
Cherry Hill, NJ 08034
Tel:   (856) 685-7420
Fax:   (856) 685-7417

ATTORNEYS FOR PLAINTIFFS

By    */s/ David Borgen*
David Borgen (SBN 099354)
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
Raymond A. Wendell (SBN 298333)
rwendell@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel:   (510) 763-9800
Fax:   (510) 835-1417

ATTORNEYS FOR PLAINTIFFS

*/s/James M. Sitkin*
James M. Sitkin (SBN 107650)
jsitkin@sitkinlegal.com
LAW OFFICES OF JAMES M. SITKIN
255 California Street, 10th Floor
San Francisco, CA 94111
Tel:   (415) 318-1048

ATTORNEY FOR PLAINTIFFS

2

[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER
CASE NO. 5:16-CV-00137-GW-KK

634230.5

# ATTESTATION OF FILER

I, David Borgen, attest that the other Signatories concur in the foregoing and authorize the filing of this document. Signed this 7th day of September, 2016.

Respectfully submitted,

Dated: September 7, 2016

GOLDSTEIN, BORGEN, DARDARIAN & HO

*/s/ David Borgen*
David Borgen