David Borgen (SBN 099354), *Of Counsel*
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
Raymond A. Wendell (SBN 298333)
rwendell@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel: (510) 763-9800
Fax: (510) 835-1417

James M. Sitkin (SBN 107650)
jsitkin@sitkinlegal.com
1 Kaiser Plaza, Suite 505
Oakland, CA 94612
Tel: (415) 318-1048
Fax: (415) 362-3268

Justin L. Swidler
jswidler@swartz-legal.com
Richard S. Swartz
rswartz@swartz-legal.com
Swartz Swidler LLC
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ  08003
Tel: (856) 685-7420
Fax:   (856) 685-7417

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AYALA, individually and on behalf of all those similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>U.S. XPRESS ENTERPRISES, INC., U.S. XPRESS, INC., and DOES 1-100,<br><br>     Defendants. | Case No.:  5:16-cv-00137-GW (KKx)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA LABOR CODE, CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS, AND CALIFORNIA UNFAIR COMPETITION LAW**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

Plaintiff Anthony J. Ayala (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, demanding trial by jury, alleges as follows:

## A. <u>PARTIES</u>

1. Plaintiff is informed and believes, and thereon alleges, that Defendant U.S. Xpress Enterprises, Inc., and Defendant U.S. Xpress, Inc., are companies engaged in the business of hauling and delivery of freight by truck within the State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant U.S. Xpress, Inc. is a subsidiary corporation of U.S. Xpress Enterprises, Inc.   Plaintiff is further informed and believes, and thereon alleges, that because of the interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of this legal action and that each has liability for the act of the other as herein alleged.  Plaintiff therefore hereafter refers to both said Defendants as "U.S. Xpress."

3. Plaintiff is an adult individual competent to bring this action.  U.S. Xpress formerly employed Plaintiff as a truck driver within the State of California, which employment ended within three years before the filing of this legal action. Plaintiff is and was while working for U.S. Xpress a resident of California and has worked for U.S. Xpress in California. Unless otherwise stated, references below to work by Plaintiff or

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

others mean work within the State of California after completion of training. Similarly, references to U.S. Xpress's policies and practices in violation of California law refers to practices concerning truck drivers who have worked in California after completion of training.  As California law requires and as alleged below in greater detail, U.S. Xpress has wrongly failed to pay wages for all compensable work time (whether calculated at statutory minimum wage rate or at the regular rate of pay), failed to provide duty free meal/rest periods or in their absence pay added wages, failed to provide properly itemized pay statements, failed to maintain proper time/pay records, and failed to pay all accrued wages on termination of employment to or for Plaintiff and other of its former and current truck drivers whom it employed to work in California after their completion of training.

    4. Plaintiff is ignorant of the true names and/or capacities of the defendants sued herein as Does 1-100, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend the complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is legally responsible for the occurrences herein alleged and that the losses and damages herein alleged are the result of their wrongful conduct.  U.S. Xpress and Does 1-100 are hereinafter collectively referred to as "Defendants."

**B**. **JURISDICTION AND VENUE**

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

2

5. The monetary value of the Plaintiff's claims exceeds $25,000.

6. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice. Throughout the period since four years before filing this action, Plaintiff is informed and believes, and thereon alleges, that USX has targeted California to hire drivers and specifically drivers holding California drivers licenses (class A).  Plaintiff also is informed and believes, and thereon alleges, that drivers have regularly picked up and delivered freight to and from many California customers, including the California facilities of Wal-Mart, Costco, and Amazon, and that USX has identified California as on a "primary service lane" during this period.  Throughout this period, USX has had Class members dedicated to serving accounts limited to California locations.  During the first part of this period, USX maintained a fully operational terminal in Colton, California, which has been succeeded by a facility at Fontana, California at which Plaintiff is informed and believes, and thereon alleges, that USX continues to perform maintenance. Plaintiff is further informed and believes, and thereon alleges, that throughout this period USX's practice has been to make withholdings under California law from Class Members' pay and to pay fuel taxes relating to Class members' driving in California pursuant to the International Fuel Tax

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

3

Agreement. Plaintiff is further informed and believes, and thereon alleges, that USX's practice is to require the Class to have class A California drivers licenses.

7. Venue is proper in this judicial district because many of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Furthermore, Defendants' principal place of doing business within the State of California is located within this judicial district.

8. This action was originally filed in the California Superior Court in and for the County of San Bernardino.  USX removed this action to the U.S. District Court, Central District of California, asserting original jurisdiction under 28 U.S.C. §§ 1332(a)(1) and (c) based on diversity of citizenship jurisdiction, 28 U.S.C. §§ 1332(d)(2), the Class Action Fairness Act of 2005, and removal jurisdiction under 28 US.C. §§ 1441(a), 1446, and 1453. Over Plaintiff's objection, this Court retained jurisdiction and denied Plaintiff's request to remand.

## C. <u>CLASS ACTION ALLEGATIONS</u>

9. Plaintiff's claims alleged herein are brought individually on behalf of himself and in a representative capacity on behalf of similarly situated current and former truck drivers whom U.S. Xpress employed to work in California after the completion of training.  They assert violations of California law on behalf of Plaintiff and all others similarly situated, who are described as follows: all California resident truck drivers (as reflected by their mailing addresses given to Defendants) who worked or work in

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

California for U.S. Xpress after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit (hereinafter the "Rule 23 Class").

10.     Plaintiff, who seeks to serve as representative of the Rule 23 Class, is a member of the Rule 23 Class.  Like the other members of the Rule 23 Class, Plaintiff suffered some form of injury of which complaint is herein alleged on behalf of the Rule 23 Class whom the Plaintiff seeks to represent, including not having been paid and provided benefits required by his non-exempt employee status in violation of California law.  This includes not having been paid for off-the-clock work (whether calculated at statutory minimum wage or regular rate of pay) in violation of California law, not having been provided duty free meal and rest periods or paid premium pay in their absence in violation of California law, not having been paid minimum wage for all hours worked in violation of California law, not having received properly itemized pay statements in violation of California law, and not having accurate and complete time and pay records maintained for work performed in California in violation of California law.  In addition, Plaintiff, who is a former employee of Defendants, like other members of the Rule 23 Class whose employment ended with the three years preceding the filing of this legal action, has not been paid accrued wages owed at the end of employment.

11.     Plaintiff is unable to state the exact number of the Rule 23 Class.  Plaintiff is informed and believes, and thereon alleges, that the Rule 23 Class includes over five hundred persons.  The members of the Rule 23 Class are so numerous as to make joinder impracticable. Plaintiff is informed and believes, and thereon alleges, that Defendants have identified or can readily identify members of the Rule 23 Class, but that it is impractical, in light of their number to bring them all before this Court as named plaintiffs.

12.     The common questions of law or fact, which are of general interest, predominate over any questions affecting individual class members only, rendering a class action superior to other available methods for the fair and efficient adjudication of the controversy.  These questions are such that proof of a state of facts common to the members of the Rule 23 Class will entitle each member of the Rule 23 Class to some form of relief as requested in this Complaint.  The questions of law or fact common to the Class, include, but are not limited to, the following examples:

a)     The rights that are the subject of this litigation are held in common by the Rule 23 Class' members, including Plaintiff, and arise under California law.  The Rule 23 Class' claims for violation of California Business & Professions Code §§ 17200, et seq. insofar as failure to pay and accurately record wages, failure to pay for off-the-clock work (whether calculated at statutory minimum wage or regular rate of pay),

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

6

failure to provide meal or rest periods or  in their absence pay added

wages, failure to provide accurate and complete itemized pay statements,

and failure to maintain time/pay records  rely on the California Labor Code

or Industrial Welfare Orders as predicate unlawful acts to support a finding

that Defendants have engaged and are engaging in unfair business

practices.

c)      Since at least four years before the filing of this legal action up to at

least the filing of this legal action, Defendants have had a uniform policy

and practice for the Plaintiff and the Rule 23 Class of not paying all wages

owed, not paying for off-the-clock work, not paying premium hours for

missed meal/rest periods, not providing properly itemized pay statements

that accurately reflect hours worked, applicable hourly rates and premium

hours for missed meal/rest periods, and, according to Plaintiff's

information and belief, not maintaining records that accurately reflect

hours worked and applicable hourly rates.

d)      Since at least four years before the filing of this legal action,

Defendants have had a policy and a uniform practice of paying Plaintiff

and the Rule 23 Class generally on the basis of miles driven such that they

have not been salaried employees.

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

7

e)      During the relevant time, whether or not Defendants have acted in good faith so as to avoid penalties sought herein is a common question.

13.      Plaintiff will fairly and adequately protect the interests of the Rule 23 Class, whom he seeks to represent.  Plaintiff's legal counsel, who are competent and experienced in wage and hour class action litigation, will also fairly and adequately represent the Rule 23 Class.

14.      The claims of the Plaintiff are typical of the claims of the Rule 23 Class he would represent.  Plaintiff is not asserting any individual claims qualitatively different from the Rule 23 Class' claims.

15.      The prosecution of separate actions by individual members of the Rule 23 Class would create the risk of inconsistent or varying adjudications of California law in different courts with respect to individual Rule 23 Class members, which could establish incompatible standards of conduct for Defendants.

16.      Plaintiff is informed and believes, and thereon alleges, that Defendants, in refusing to pay and provide employee benefits as herein alleged to or for the members of the Rule 23 Class, including Plaintiff, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of the Rule 23 Class.

Wherefore, a well-defined community of interest exists among the members of the Rule 23 Class, including Plaintiff.

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

8

## D. FACTUAL ALLEGATIONS

### Summary

17.     The foregoing paragraphs are incorporated herein as if set forth in full. The following circumstances have existed since at least four years before the filing of this legal action and apply to the members of the Rule 23 Class, including Plaintiff.

18.     The Class members generally have been paid on the basis of miles driven such that during extended periods of work when not driving they are not compensated or inadequately compensated in violation of California minimum wage laws and prohibitions against off-the-clock work, notwithstanding that Plaintiff is informed and believes, and thereon alleges, that Defendants have made limited payments in addition to the base per mile rates in limited circumstances. Defendants have not paid Class members for some work time and, with notice, have had the Class work off-the-clock. Defendants' policy and practice have been that the Class, while occupying the sleeper berth was expected to respond to USX communications over the truck's DriverTech communication system.

19.     Defendants also have not provided the Class meal periods and rest periods as required by California law while working in California. Defendants have not communicated to the Class a policy that the Class is entitled to duty-free meal periods starting no later than the sixth hour of work or that they are entitled to rest periods starting no later than three and a half hours of work.  Defendants' practice has been not

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

to pay for rest periods.  Defendants, moreover, have not paid the Class premium hours for missed meal or rest periods.  Defendants have not communicated to the Class that they are entitled to premium wages for missed meal or rest periods.

20. The itemized pay statements that the Class members receive are inaccurate, including because they do not accurately state hours worked at applicable hourly rates, the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period, the total hours of other nonproductive time, having the meaning assigned in Labor Code § 226.2, the rate of compensation, and the gross wages paid for that time during the pay period. They also do not record for the Class missed meal periods nor premium hour payments to which Class members are entitled as a result of missing meal or rest periods.  Plaintiff is informed and believes, and thereon alleges, that their inaccuracy impairs the ability of the Class to determine if they are correctly paid and what pay is owed.  Plaintiff is informed and believes, and thereon alleges, that Defendants' time and pay records are similarly inaccurate.

21.  Class members, like Plaintiff, are not paid accrued wages in a timely manner or when they terminate employment.

**FIRST CLAIM BY PLAINTIFF ON BEHALF OF HIMSELF AND THE RULE 23 CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – MEAL AND REST PERIODS**
**(Rule 23 Class Claim)**

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

10

22. Plaintiff hereby incorporates by reference as though fully set forth at length herein the foregoing paragraphs of this Complaint.

23. As hereinabove alleged, Defendants willfully failed to provide duty free meal/rest periods or pay wages in lieu thereof as required by California Labor Code §§ 226.7 and 512, Wage Order 9-2001, §§ 11, 12, and comparable paragraphs in any other applicable Wage Order.  Defendants therefore breached their duties to Plaintiff and other members of the Rule 23 Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

24.  Defendants willfully failed to pay all termination wages, including accrued added wages for missed meal/rest periods, within the 30 day time limit set forth for the payment of termination wages under California Labor Code §§201-203. Defendants therefore breached their duties to the members of the Rule 23 Class who, like Plaintiff, terminated their employment with U.S. Xpress since three years before the filing of this legal action, under the California Labor Code.  Plaintiff requests that Defendants be required to pay the members of the Rule 23 Class who have terminated their employment with U.S. Xpress at any time since three years before the filing of this legal action waiting time penalties under California Labor Code §§201-203.

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

11

25.  Plaintiff requests that Defendants be required to pay to him and other members of the Rule 23 Class who performed services in California for U.S. Xpress at any time since three years before the filing of this legal action premium hours for missed meal/rest periods, and any applicable statutory penalties as provided under California Labor Code and California Industrial Welfare Commission, including paragraph 20 of California Industrial Welfare Commission Wage Order 9-2001 and comparable paragraph within any other applicable Wage Order.  Plaintiff further requests that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the California Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

26.  In pursuing the claims alleged herein, including their investigation and litigation, Plaintiff has incurred or will incur attorneys' fees (and paralegal fees) and costs for which he seeks reimbursement from Defendants.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

to the conduct of litigation. An award of such fees and costs is appropriate because the prosecution of this action will result in in the enforcement of an important right affecting the public interest as (a) a significant benefit, whether pecuniary or non-pecuniary, will be conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery.

Wherefore, Plaintiff prays for a judgment and a decree as hereinafter set forth.

## SECOND CLAIM BY PLAINTIFF ON BEHALF OF HIMSELF AND THE RULE 23 CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – OFF-THE-CLOCK WORK
### (Rule 23 Class Claim)

27.  Plaintiff hereby incorporates by reference as though fully set forth at length herein the foregoing paragraphs of this Complaint.

28.  As hereinabove alleged, Defendants willfully failed to pay to Plaintiff, and other members of the Rule 23 Class, accrued wages for all hours of work performed (whether calculated based on the statutory minimum wage rate or regular rate of pay) as required under the California Labor Code, including Labor Code §§ 221, 223, and 1194, and paragraph 4 of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  Defendants therefore breached their duties to Plaintiff and other members of the Rule 23 Class who

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

29.  Defendants willfully failed to pay all termination wages, including for off-the-clock work, within the 30 day time limit set forth for the payment of termination wages under California Labor Code §§201-203.  Defendants therefore breached their duties to the members of the Rule 23 Class who terminated their employment with U.S. Xpress since three years before the filing of this legal action, under the California Labor Code.  Plaintiff requests that Defendants be required to pay the members of the Rule 23 Class who have terminated their employment with U.S. Xpress at any time since three years before the filing of this legal action waiting time penalties under California Labor Code §§201-203.

30.  Plaintiff requests that Defendants be required to pay to him, and other members of the Rule 23 Class who performed services for U.S. Xpress  at any time since three years before the filing of this legal action, wages (calculated at the more generous of the statutory minimum wage rate or regular rate of pay) and any applicable statutory penalties as provided under the California Labor Code or California Industrial Welfare Commission Wage Order(s), including under California Labor Code § 1194.2 and paragraph 20 of California Industrial Welfare Commission Wage Order 9-2001.  Plaintiff further requests that any unpaid residue be ordered paid "to nonprofit

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

organizations or foundations to support projects that will benefit the Rule 23 Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

31.  In pursuing the claims alleged herein, including their investigation and litigation, Plaintiff has incurred and will incur attorneys' fees (and paralegal fees) and costs for which they seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiff prays for a judgment and a decree as hereinafter set forth.

**THIRD CLAIM BY PLAINTIFF ON BEHALF OF HIMSELF AND THE RULE 23 CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – ITEMIZED PAY STATEMENTS AND TIME/PAY RECORDS**
**(Rule 23 Class Claim)**

32.  Plaintiff hereby incorporates by reference as though fully set forth at length herein the foregoing paragraphs of this Complaint.

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

33.  As hereinabove alleged, Defendants willfully failed to provide itemized pay statements to Plaintiff and Rule 23 Class members as required by California Labor Code §§ 226 and 226.2(a)(2) and paragraph 7(B) of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  Plaintiff is informed and believes, and thereon alleges, that Defendants also failed to maintain wage/time records as required by California Labor Code § 226 and paragraph 7(A) of California Industrial Welfare Commission Wage Order 9-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  The itemized pay statements that Plaintiff and the Rule 23 Class members received are inaccurate, including because they do not accurately state hours worked at applicable hourly rates. Plaintiff is informed and believes, and thereon alleges, that their inaccuracy impairs the ability of Rule 23 Class Members to determine if they are correctly paid and what pay they are owed.  Defendants therefore breached their duties to Plaintiff and other members of the Rule 23 Class who have performed services in California since three years before the filing of this legal action under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

34.  Plaintiff requests that Defendant be required to pay to him, and other members of the Rule 23 Class who performed services in California for U.S. Xpress at any time since three years before the filing of this legal action damages or statutory

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

penalties as provided under California Labor Code, including § 226.  Plaintiff further requests that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the California Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

35.  In pursuing the claims alleged herein, including their investigation and litigation, Plaintiff has incurred or will incur attorneys' fees (and paralegal fees) and costs for which Plaintiff seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiff prays for a judgment and a decree as hereinafter set forth.

**FOURTH CLAIM BY PLAINTIFF ON BEHALF OF HIMSELF AND THE RULE 23 CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
**(Rule 23 Class Claim)**

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

36.  Plaintiff hereby incorporates by reference as though fully set forth at length herein the foregoing paragraphs of this Complaint.

37.  As hereinabove alleged, Defendants, in the course of  U.S. Xpress's business, have committed acts and engaged in a practice of unfair competition, as defined by California Business & Professions Code §17200, including the following: a) not paying wages (whether calculated at the statutory minimum wage rate or the regular rate of pay) as required by California law, including Labor Code §§ 221, 223, and 1194, b) not providing meal/rest breaks and in their absence paying required added wages as required by California law, including Labor Code §§ 226.7 and 512, California Wage Order 9-2001, ¶¶ 11-12, and comparable provisions within any other applicable Wage Order, c) not providing itemized pay statements as required by California law, including Labor Code §§ 226 and 226.2, California Wage Order 9-2001, ¶ 7(B), and comparable provisions within any other applicable Wage Order, and d) not maintaining time/pay records as required by California law, including Labor Code § 226, California Wage Order 9-2001, ¶ 7(A), and comparable provisions within any other applicable Wage Order require, all of which is unlawful under the California Labor Code and California Industrial Welfare Commission Order(s).

38.  Defendants' unlawful business acts and practices present a continuing threat. Plaintiff and other Rule 23 Class members do not have an adequate remedy at law.  Wherefore, Plaintiff requests that Defendants be enjoined from said violations and

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

18

be ordered to take such steps as are proper to redress the unlawful conduct that has occurred to date.

39. As a direct and proximate result of the above-described misconduct, Defendants have received and continue to hold ill-gotten gains belonging to others as described above, including Plaintiff. Plaintiff therefore requests that Defendants be ordered to make restitution and disgorgement of all said ill-gotten gains as part of a fluid fund recovery to be distributed in accordance with the Court's equitable discretion, including consideration that unpaid residue be paid "to nonprofit organizations or foundations to support projects that will benefit the Rule 23 Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

40. Plaintiff requests reasonable attorney fees under California Code of Civil Procedure §1021.5.

Wherefore, Plaintiff prays for a decree and judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief from this Court in the following respects:

1. The Court declares, adjudges and decrees that this action is a proper class action and certifies the Rule 23 Class.

FIRST AMENDED COMPLAINT - Case No.: 5:16-cv-00137-GW (KKx)

19

2.     Concerning the Rule 23 Class, the Court declares, adjudges and decrees that:  a) Defendants violated the California Labor Code and California Industrial Welfare Commission Wage Orders,  including in including in failing to pay wages (whether calculated at  the statutory minimum wage rate or regular rate of pay), failing to provide meal/rest periods or in their absence pay wages for on duty meal/rest periods as required by Labor Code §§ 226.7 and 512, and applicable Wage Order(s), failing to provide itemized pay statements as required under California Labor Code §§ 226 and 226.2 and applicable Wage Order(s), and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the Rule 23 Class members who performed services in California for U.S. Xpress at any time since three years before the filing of this lawsuit;  b) time during which these Rule 23 Class members are on duty in California constitutes compensable hours of employment for purposes of the California Labor Code and California Industrial Welfare Commission Wage Orders;  c) Class members are entitled to an award for the unpaid wages (whether calculated at the minimum statutory rate or regular rate of pay), wages for absence of duty free meal/rest periods, waiting time penalties, penalties for absence of properly itemized wage statements/record maintenance, and any other applicable statutory penalties; and d) equitable distribution of the unpaid residue of any recovery pursuant to CCP § 384.

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

3.   Concerning the Rule 23 Class, the Court declares, adjudges and decrees that: a) Defendants violated the California Unfair Business Practices Act/Unfair Competition Law, California Business & Professions Code §§ 17200, et seq., by engaging in unlawful conduct, including in failing to pay wages (whether calculated at  the statutory minimum wage rate or regular rate of pay), failing to provide meal/rest periods or in their absence pay wages for on duty meal/rest periods as required by Labor Code §§ 226.7 and 512, and applicable Wage Order(s), failing to provide itemized pay statements as required under California Labor Code §§ 226 and 226.2 and applicable Wage Order(s), and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the California Class members who performed services in California for U.S. Xpress at any time since four years before the filing of this lawsuit;  b) time during which these Rule 23 Class members are on duty in California constitutes compensable hours of employment for purposes of the California Labor Code and California Industrial Welfare Commission Wage Orders; c) Defendants should be ordered to make restitution and disgorgement of all ill-gotten gains, including unpaid wages and added wages for missed meal/rest periods, into a fluid recovery fund; and d) injunctive relief prohibiting future violations of the rights of the California Class members to unpaid wages.

4.  The Court decrees such other injunctive relief and/or enters such other orders as are necessary to dissipate or relieve the effects of the aforesaid violations and illegal acts by Defendants and to effect the relief sought herein.

5.  Reasonable attorney fees and costs/expenses, both statutory and non-statutory.

6.  Pre-judgment and post-judgment interest as provided by law.

7.  Such other relief as the Court deems just and proper.

Dated:  April 24. 2017                GOLDSTEIN, BORGEN, DARDARIAN & HO

SWARTZ SWIDLER, LLC

LAW OFFICES OF JAMES M. SITKIN

By: /s/James M. Sitkin_____

James M. Sitkin
Attorneys for Plaintiff

Plaintiff hereby demands trial by jury.

Dated:  April 24, 2017                GOLDSTEIN, BORGEN, DARDARIAN & HO

SWARTZ SWIDLER, LLC

LAW OFFICES OF JAMES M. SITKIN

By: /s/James M. Sitkin_____

James M. Sitkin
Attorneys for Plaintiff

//

//

//

FIRST AMENDED COMPLAINT - Case No.:  5:16-cv-00137-GW (KKx)

22