
Case 5:16-cv-00137-GW-KK   Document 227-1   Filed 02/21/19   Page 1 of 10   Page ID #:9560

Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
Scopelitis, Garvin, Light, Hanson & Feary, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

James H. Hanson, *Pro Hac Vice*
jhanson@scopelitis.com
R. Jay Taylor, Jr., *Pro Hac Vice*
jtaylor@scopelitis.com
E. Ashley Paynter, *Pro Hac Vice*
apaynter@scopelitis.com
Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
James A. Eckhart (SBN 321101)
jeckhart@scopelitis.com
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Adam C. Smedstad (SBN 303591)
asmedstad@scopelitis.com
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
3214 W. McGraw Street, Suite 301F
Seattle, WA 98199
P: 206-288-6192
F: 206-299-9375

Attorneys for Defendants, U.S. Xpress Enterprises, Inc. and U.S. Xpress, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AYALA, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC., U.S. XPRESS, INC., and DOES 1 - 100,<br><br>Defendants. | Case No.: 5:16-cv-00137-GW-KK<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Before: Hon. George H. Wu<br><br>Hearing:    April 18, 2019<br>Time:       8:30 a.m.<br>Courtroom:  9D<br>Trial Date: TBD |


Defendants' Brief in Support of Supplemental Motion for Partial Summary Judgment
Case No. 5:16-cv-00137-GW-KK

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.    BACKGROUND .................................................................................................. 1

    A.    The FMCSA ............................................................................................. 1

    B.    The Order ................................................................................................. 2

    C.    USX .......................................................................................................... 5

III.    ARGUMENT ....................................................................................................... 5

IV.    CONCLUSION ................................................................................................... 6

i

Defendants' Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment
Case No. 5:16-cv-00137-GW-KK

# TABLE OF AUTHORITIES

**CASES**

*Agsalud v. Pony Express Courier Corp.*,
 833 F.2d 809 (9th Cir. 1987) .................................................................................. 4

*Carpenter v. Dep't of Trans.*,
 13 F.3d 313 (9th Cir. 1994) .................................................................................... 6

*Pacific Merchant Shipping Ass'n v. Aubry*,
 918 F.2d 1409 (9th Cir. 1990) ................................................................................ 4

*Rapanos v. United States*,
 547 U.S. 715 (2006) ............................................................................................... 3

*Smeltzer v. Slater*,
 93 F.Supp.2d 1095 (C.D. Cal. 2000) ..................................................................... 6

**STATUTES**

28 U.S.C. § 2342 ......................................................................................................... 6

49 U.S.C. § 113(b) ...................................................................................................... 1

49 U.S.C. § 31141 ............................................................................................... 1, 4, 5

Cal. Lab. Code § 512 ............................................................................................... 2, 3

**REGULATIONS**

49 C.F.R. Part 395 ...................................................................................................... 5

49 C.F.R. § 1.87(f) .................................................................................................. 1, 6

49 C.F.R. § 395.3 ..................................................................................................... 2, 4

76 Fed. Reg. 81134 ..................................................................................................... 4

83 Fed. Reg. 67470 .............................................................................................. passim

Cal. Code Regs., tit. 9 ("Wage Order No. 9"), § 11090 ......................................... 2, 3

Defendants, U.S. Xpress, Inc. ("USX") and U.S. Xpress Enterprises, Inc. ("USXE"), respectfully submit this Memorandum of Points and Authorities in Support of their Supplemental Motion for Summary Judgment.

## I. INTRODUCTION

In late December 2018, the Federal Motor Carrier Safety Administration ("FMCSA") issued its final order (the "Order") on a petition regarding the preemptive effect of its own regulations governing the hours of service of interstate drivers of commercial motor vehicles ("HOS regulations") on California's meal and rest break rules. A copy of the FMCSA's Order is attached as *Exhibit A*. In the Order, the FMCSA concluded that the HOS regulations preempt California's meal and rest break rules and that they may not be applied to commercial motor vehicle drivers who are subject to the HOS regulations. The FMCSA's preemption determination, which was issued pursuant to express Congressional authority, is binding on all tribunals unless altered or reversed by a federal court of appeal. Accordingly, the Court must enter judgment in Defendants' favor on the Class's California meal and rest break claims.

## II. BACKGROUND

### A. The FMCSA

The FMCSA, an agency of the U.S. Department of Transportation ("DOT"), is statutorily charged with furthering the "highest degree of safety" in motor carrier transportation. 49 U.S.C. § 113(b). As part of that mission, Congress authorized the FMCSA to assess and determine whether its regulations preempt state laws and regulations "on commercial motor vehicle safety." *See* 49 C.F.R. § 1.87(f); *see also* 49 U.S.C. § 31141.

Section 31141 authorizes the Secretary of Transportation to preempt state laws that are additional to—or more stringent than—FMCSA safety regulations if: (1) the state laws provide no safety benefit, (2) the state laws are incompatible with FMCSA safety regulations, *or* (3) the enforcement of the state laws would cause an unreasonable burden on interstate commerce. *See* 49 U.S.C. § 31141(c)(4). "The Secretary need only find that

1

1   one of the conditions set forth at paragraph (c)(4) exists to preempt [the State] provision(s)
2   at issue." 83 Fed. Reg. 67470-71.

3        **B.**     **The Order**

4        On September 24, 2018, the American Trucking Associations (ATA) petitioned the
5   FMCSA to preempt California statutes and rules requiring employers to provide certain
6   meal and rest breaks during the work day, as applied to the drivers of commercial motor
7   vehicles subject to the HOS regulations. *See* 83 Fed. Reg. 67470-01 (Dec. 28, 2018). The
8   FMCSA sought comment on issues relevant to the preemption determination including
9   what effect, if any, California's meal and rest break rules have on interstate motor carrier
10  operations. 83 Fed. Reg. 50142 (Oct. 4, 2018). The FMCSA accepted public comments
11  until November 5, 2018.

12       The FMCSA received more than 700 comments, including submissions from more
13  than 120 organizations and 9 letters from 68 members of Congress. *See* 83 Fed. Reg.
14  67470, 67472. On December 28, 2018, the FMCSA published the Order concluding that
15  the HOS regulations preempted California's meal and rest break rules as applied to
16  property-carrying commercial motor vehicle drivers. *See* 83 Fed. Reg. 67470 (Dec. 28,
17  2018).

18       In doing so, the FMCSA analyzed the HOS regulations, including its 2011 adoption
19  of revised HOS regulations and the conflict between the HOS regulations and the
20  California Labor Code's meal and rest break rules. *Compare* Cal. Lab. Code §§ 512
21  (providing for two 30-minute meal periods in a 10-hour workday), 516 (allowing the
22  Industrial Welfare Commission to adopt break periods for any workers in California
23  consistent with the health and welfare of those workers), 226.7 (requiring rest breaks to
24  be "duty-free" and requiring an hour of premium pay for violations of the break rules);
25  *see also* Cal. Code Regs., tit. 9 ("Wage Order No. 9"), §§ 11090(11) (regulating meal
26  breaks); 11090(12) (requiring a 10-minute rest break prior to the fifth hour of work), *with*
27  49 C.F.R. § 395.3(a)(3)(ii) (noting that "driving is not permitted if more than 8 hours have
28

passed since the end of the driver's last off-duty or sleeper berth period of at least 30 minutes").

The FMCSA began by analyzing California's meal and rest break rules to determine whether they relate to commercial motor vehicle safety and are more stringent than the FMCSA HOS regulations. *See* 82 Fed. Reg. 67470. In so doing, the FMCSA reversed its prior conclusion that California's rules were unrelated to commercial motor vehicle safety because it found that the California rules "impose the same types of work limitation requirements as the FMCSA HOS regulations . . . ." 83 Fed. Reg. 67470, 67473.[1] The California Labor Commissioner bolstered the FMCSA's conclusion conceding that California's meal and rest break rules were intended to improve driver and public safety. *See* 83 Fed. Reg. 67470, 67474 (quoting the Commissioner's comment on the ATA's petition, "It is beyond doubt that California's meal and rest period requirements promote driver and public safety.").

The FMCSA easily resolved the second half of the first inquiry—whether the California rules are more stringent than the FMCSA HOS regulations—noting that California requires more rest breaks than the FMCSA HOS regulations and rigidly requires a driver to take a break within the first five hours of work. *Compare* Cal. Lab. Code § 512 (requiring two 30-minute meal periods, one before sixth hour of work and a second before the tenth hour of work); Wage Order No. 9, § 11090(11) (same); and *id.* §

---

[1] The agency also specifically addressed the California Labor Commissioner's argument that the FMCSA could not change its mind in the absence of Congressional action. 83 Fed. Reg. 67470, 67473-74. As the agency explained, its view need not remain static and Congress' inaction was merely the "failure to express an opinion," not evidence that the FMCSA may not reconsider an earlier decision after it enacted more stringent rest break rules in 2011. *Id.* at 67474 (quoting *Rapanos v. United States*, 547 U.S. 715, 750 (2006)). *See also id.* (discussing the 2011 enactment). Further, there is no evidence that Congress addressed the specific issue here: whether the 2011 rest break rules preempt the field of rest breaks for drivers of interstate property-carrying vehicles. *See Rapanos*, 547 U.S. at 750 (noting that Congressional inaction should not be interpreted as an expression of Congressional intent absent evidence that it considered and rejected the precise issue presented).

11090(12) (requiring a 10-minute rest period for every four hours worked) *with* 49 C.F.R. § 395.3(a)(1) (describing the rest required before starting a work shift) & § 395.3(a)(3) (describing one 30-minute rest break within 8-hours of on-duty time).[2]

The FMCSA then made findings under the second prong of the preemption analysis, which considers whether the more stringent state rule either (1) has no safety benefit; (2) is incompatible with the FMCSA HOS regulation; or (3) would cause an unreasonable burden on interstate commerce. 49 U.S.C. § 31141(c)(4). Answering any of these inquiries in the affirmative would compel preemption; the FMCSA concluded that California's rules failed each one. *See* 83 Fed. Reg. 67470, 67474-80.

As to the "no safety benefit" test, the FMCSA reasoned that the relevant question is whether the state law provides benefits beyond those of the federal rule. 83 Fed. Reg. 67470, 67475. This is the only logical reading of the "no safety benefit" language because this test only applies if the challenged rule is already "more stringent" than the federal one. When it applied the test, the FMCSA relied on the analysis it had performed when it promulgated the 2011 rest break rules to conclude that California's additional break requirements "do not provide a safety benefit not already realized under the FMCSRs." 83 Fed. Reg. 67470, 67476 (discussing 76 Fed. Reg. 81134, 81146).

Additionally, the FMCSA determined that California's meal and rest break rules undermine the FMCSA's safety mission by forcing trucks off the road more frequently, which exacerbates the already critical shortage of safe truck parking. *See* 83 Fed. Reg. 67470, 67476-77 (discussing Jason's Law Report conclusions on parking and truck safety). Specifically, the FMCSA noted that under the HOS regulations, "a [commercial motor vehicle] driver would be required to stop and park once during an 8-hour driving

---

[2] Of course, California's additional break requirements also reduce the maximum number of hours that a driver can work. The Ninth Circuit has found that California's imposition of a different maximum amount of time that a driver may work, on its own, a sufficient basis from which to conclude that California's meal and rest break rules are preempted. *See Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1416-17 (9th Cir. 1990); *Agsalud v. Pony Express Courier Corp.*, 833 F.2d 809 (9th Cir. 1987).

4

period; however, during a shift of more than 6 and up to 10 hours, [California's rules] would, at a minimum, require drivers to stop and park 3 times, even though they may not be fatigued." 83 Fed. Reg. 67470, 67476. An unfatigued driver occupying a parking spot that could be used by a fatigued driver creates an unnecessary and immediate safety problem.

Finally, the FMCSA concluded that California's meal and rest break rules cause an unreasonable burden on interstate commerce. 83 Fed. Reg. 67470, 67478-80. To make its finding that California's break requirements "impose substantial costs stemming from decreased productivity and administrative burdens," the FMCSA relied on submissions by various motor carriers that operate in California. 83 Fed. Reg. 67470, 67478-79. Those submissions demonstrated that "[i]t is indisputable that [California's break rules] decrease each driver's available duty hours . . . as compared to the Federal HOS regulations." 83 Fed. Reg. 67470, 67479.

As a result, the FMCSA determined that California's meal and rest break rules are preempted and cannot be enforced.

C.   USX

As the Court is well aware and Plaintiff admits, USX is a for-hire motor carrier authorized by the FMCSA to provide interstate transportation services to customers throughout the United States, Canada, and Mexico. *Defendant's Statement of Uncontroverted Facts*, ¶ 1, ECF No. 168-2; *Pl's Request for Evidentiary Ruling on Specified Objections to Def.'s Evidence Submitted in Support of Motion for Summary Judgment*, ¶ 1. All Class Members are subject to the HOS regulations, 49 C.F.R. Part 395. *See Def.'s Statement of Additional Facts*, ¶ 1, ECF No. 176-4.

III.   **ARGUMENT**

In the Order, the FMCSA exercised its express statutory to conclude that California's meal and rest break rules are preempted and "shall not [be] enforce[d]" as to drivers of property carrying commercial motor vehicles who, like those drivers that comprise the Class, are subject to the FMCSA HOS regulations. *See* 49 U.S.C. § 31141;

49 C.F.R. § 1.87(f). As a result, the Court should enter judgment for Defendants on the Class's California meal and rest break claims.

"The court of appeals . . . has *exclusive* jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all rules, regulations, or final orders of – the Secretary of Transportation issued pursuant to . . . subchapter III of chapter 311 . . . of title 49." 28 U.S.C. § 2342 (emphasis added). In other words, every tribunal, save for the Ninth Circuit which has jurisdiction over the pending appeals of the Order, is bound by it until the appeal is resolved.[3] *See id.* Consequently, this Court is without jurisdiction to review the Order and is bound by its terms. *See Carpenter v. Dep't of Trans.*, 13 F.3d 313, 316-17 (9th Cir. 1994) (concluding that "[s]pecific grants of exclusive jurisdiction to the courts of appeals override general grants of jurisdiction to district courts"); *Smeltzer v. Slater*, 93 F.Supp.2d 1095, 1101-1102 (C.D. Cal. 2000) (dismissing a claim for among other things, lost wages, and holding that the Hobbs Act strips the district court of jurisdiction to entertain an attack on rules the Secretary promulgated under the Omnibus Transportation Employee Testing Act of 1991).

## IV.    CONCLUSION

The Court certified a class in this case of all California-resident interstate over-the-road truck drivers who worked in California for USX. These Class Members were subject to the FMCSA HOS regulations while working as interstate truck drivers for USX. Their claims are premised on USX's alleged failure to provide California-compliant meal and rest breaks and are therefore preempted based on the FMCSA's Order. Defendants are entitled to summary judgment on their meal and rest break claims.

---

[3] *Int'l Bhd. of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin.*, No. 18-73488 (filed Dec. 28, 2018); *Int'l Bhd. of Teamsters, Local 848, et al. v. Fed. Motor Carrier Safety Admin.*, No. 19-70323 (filed Feb. 6, 2019); *Labor Comm'r for the State of California v. Fed. Motor Carrier Safety Admin.*, No. 19-70329 (filed Feb. 6, 2019).

| | | |
|---|---|---|
| 1 | Dated: February 21, 2019 | SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C. |
| 2 | | |
| 3 | | By: /s/ *James H. Hanson* |
| 4 | | James H. Hanson |
| 5 | | Attorney for Defendants, U.S. XPRESS ENTERPRISES, INC. and U.S. XPRESS, INC. |
| 6 | 4834-3334-8228, v. 18 | |