UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-137-GW(KKx) | Date | May 2, 2019 |
|---|---|---|---|
| Title | *Anthony Ayala v. U.S XPRESS ENTERPRISES, INC., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Raymond A. Wendell<br>Justin L. Swidler, by tel.<br>James M. Sitkin, by tel. | James H. Hanson<br>E. Ashley Paynter, by tel. |

**PROCEEDINGS:**     DEFENDANTS' SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT [227]

Court hears oral argument. The Court's Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendants' Motion is GRANTED because the matter is preempted as stated on the record, and should be reviewed by the Circuit Court.

The Court sets a status conference for August 15, 2019 at 8:30 a.m., with a joint status report to be filed by noon on August 12, 2019. Counsel may appear telephonically provided advanced notice is given to the clerk.

                                                                                 :     15

Initials of Preparer    JG

*Ayala v. U.S. Express Enters., Inc. et al.*; Case No. 5:16-cv-00137-GW-(KKx)
Tentative Ruling on Defendants' Motion for Partial Summary Judgment

## I. Background

In this putative class action against U.S. Xpress Enterprises, Inc. ("USXE") and U.S. Xpress, Inc. ("USX") (collectively, "Defendants"), Anthony Ayala ("Plaintiff") asserts claims for: (1) failure to provide meal and rest periods in violation of Labor Code §§ 226.7 and 512, and Wage Order 9-2001 §§ 11, 12; (2) failure to compensate for all hours of work performed in violation of Labor Code §§ 2221, 223, and 1194, and Wage Order 9-2001 ¶ 4; (3) failure to provide itemized pay statements and/or maintain required wage/time records in violation of Labor Code § 226, and Wage Order 9-2201 ¶ 7-B; and (4) unfair competition under California Business & Professions Code § 17200. *See generally* First Amended Complaint ("FAC"), Docket No. 99.

USX is a subsidiary of USXE and provides delivery services, including the hauling and delivery of freight loads by truck. *Id.* ¶ 2. Plaintiff is a California resident who was previously employed by USX as a truck driver. *Id.* ¶ 3. Plaintiff alleges that USX has wrongly failed to pay wages for all compensable work time, failed to provide duty free meal and rest periods or to pay added wages in the absence of such break periods, failed to provide properly itemized pay statements, failed to maintain proper time and pay records, and failed to pay all accrued wages upon termination of its truck drivers, in violation of California law. *Id.*

Defendants filed a motion for partial summary judgment. *See* Defendants' Notice of Supplemental Motion and Supplemental Motion for Partial Summary Judgment ("MPSJ"), Docket No. 227. Plaintiff filed an opposition. *See* Memorandum in Opposition to Notice of Motion and Motion for Partial Summary Judgment ("Pl. Opp."), Docket No. 238. Defendants filed a reply in support of their motion. *See* Defendants' Reply Brief in Support of Supplemental Motion for Partial Summary Judgment ("Reply"), Docket No. 240.

## II. Legal Standard

Summary judgment shall be granted when a movant "shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Miranda v. City of Cornelius*, 429 F.3d 858, 860 n.1 (9th Cir. 2005). As to materiality, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

To satisfy its burden at summary judgment, a moving party without the burden of persuasion "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000*)*; *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

> If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment[, but instead] must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.

*T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (internal citations and quotation marks omitted).  In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence, and views all evidence and draws all inferences in the light most favorable to the non-moving party.  *See id.* at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *see also Hrdlicka v. Reniff*, 631 F.3d 1044, 1048 (9th Cir. 2011); *Motley v. Parks*, 432 F.3d 1072, 1075 n.1 (9th Cir. 2005) (*en banc*).

Alternatively, a moving party *with* the burden of persuasion must establish "beyond controversy every essential element of its [claim or defense]" to satisfy its burden at summary judgment.  *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).  Therefore, in order to defeat such a motion, the nonmoving party need only raise a genuine issue of dispute on a single element of the claim.

### III.  Analysis

Defendants argue that the Court should grant summary judgment as to Plaintiff's first claim alleging violations of the meal and rest period requirements of California Labor Code §§ 226.7 and 512.  *See generally* MPSJ; FAC ¶¶ 22-26.  Defendants assert that they are entitled to partial summary judgment because the Federal Motor Carrier Safety Administration ("FMCSA") has

made a binding determination that California's meal and rest break rules, as applied to property-carrying commercial vehicle drivers, are preempted by FMCSA hours of service regulations. *Id.* Plaintiff makes several arguments in opposition: (1) the motion should be denied without prejudice pending the results of challenges to the FMCSA's decision in the Ninth Circuit; (2) the FMCSA's preemption determination does not apply retroactively; (3) the FMCSA's determination is unenforceable; and (4) Defendants' motion improperly seeks a final judgment. *See generally*, Pl. Opp. The Court is not persuaded by any of Plaintiff's arguments.

On December 28, 2018, the FMCSA, an agency of the United States Department of Transportation ("DOT"), published an Order concluding that the California meal and rest break rules contained in California Labor Code §§ 226.7 and 512, as applied to property-carrying commercial vehicle drivers, are preempted by the FMCSA's hours of service regulations. *See* California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption ("Order"), 83 Fed. Reg. 67470, 67470 (Dec. 28, 2018). The order was promulgated under 49 U.S.C. § 31141. *See id.* Under Section 31141, the Secretary of Transportation is authorized to make a determination that state laws meeting certain criteria are preempted and *may not be enforced*. 49 U.S.C. § 31141. The Secretary of Transportation's authority to issue such determinations has been delegated to the FMCSA Administrator. *See* 49 C.F.R. § 1.87(f) (2016). Under Section 31141 judicial review of a DOT preemption determination may only be heard by a circuit court. *See* 49 U.S.C. § 31141(f).

Therefore, the Court would find that it is precluded from ruling on Plaintiff's California Labor Code §§ 226.7 and 512 claims. The FMCSA has promulgated an order which specifically bars enforcement of the relevant provisions of the California Labor Code as applied to property-carrying commercial vehicle drivers. *See* Order at 67470. Under 49 U.S.C. § 31141(f), this Court does not have the authority to review the merits of the Order. Thus, there is no justiciable dispute of material fact as to Plaintiff's first cause of action under California Labor Code §§ 226.7 and 512.

The Court is not persuaded by Plaintiff's argument that the MPSJ should be dismissed pending judicial review of the Order by the Ninth Circuit. There is no indication that an opinion from the Ninth Circuit is imminent. In fact, the Circuit is yet to even hear oral argument on the subject. *See* Pl. Opp. at 1 ("Four petitions for review that challenge the Preemption Determination are currently pending before the Ninth Circuit and will be fully briefed within the next three

months."). This Court is bound by the FMCSA Order and will apply the Order unless and until it is invalidated by the Ninth Circuit.[1]

Plaintiff's argument as to the retroactive effect of the Order is also not persuasive. Plaintiff's action is not for reconsideration of a prior determination. Instead, Plaintiff asks the Court to *enforce* California Labor Code §§ 226.7 and 512. *See* FAC ¶¶ 22-26. The Court *currently* has no authority to enforce the regulations under which Plaintiff brings his first cause of action. Therefore, the issue of retroactive effect is irrelevant.

The Court declines to consider Plaintiff's arguments that the Order is unenforceable. *See* Pl. Opp. at 11-14. Congress explicitly granted authority to review such orders exclusively to the circuit courts. *See* 49 U.S.C. § 31141(f). Therefore, this Court has no authority to determine the validity of the Order.

Finally, as the Court previously indicated, Plaintiff is entitled to file a motion for reconsideration of the Court's grant of partial summary judgment if there is a change in circumstances regarding the applicability of the Order. Therefore, Plaintiff's argument related to the finality of the judgment sought by Defendants is moot. *See* Pl. Opp. at 15.

## IV. Conclusion

The Court would **GRANT** Defendants' Motion for Partial Summary Judgment.

---

[1] When and if the Ninth Circuit issues an opinion as to the validity of the Order, Plaintiff is welcome to file a motion for reconsideration.