**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY AYALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>U.S. XPRESS ENTERPRISES, INC.; U.S. XPRESS, INC.,<br><br>Defendants-Appellees. | No.  20-55981<br><br>D.C. No.<br>5:16-cv-00137-GW-KK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 10, 2021
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Anthony Ayala and a certified class of long-haul truck drivers appeal an order of the district court granting partial summary judgment to U.S. Xpress, Inc. and U.S. Xpress Enterprises, Inc. (collectively, "USX") on the class's wage claims under California law. Viewing the facts in the light most favorable to the non-

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

moving party, we review de novo an interlocutory appeal of an order of the district court on cross-motions for summary judgment. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1150 (9th Cir. 2016). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1292(b) and affirm.

     1.    California Labor Code section 226.2 requires an employer who pays by the piece to provide separate compensation for "other nonproductive time." Ayala argues that "other nonproductive time" must be defined by reference to the pay *formula* alone. However, "[t]he minimum wage laws exist to ensure that workers receive adequate and fair pay, not to dictate to employers and employees what pay formulas they may, or may not, agree to adopt as a means to that end." *Oman v. Delta Air Lines, Inc.*, 466 P.3d 325, 341 (Cal. 2020). Because "[t]he compensation owed employees is a matter determined primarily by contract," *id.* at 336, section 226.2 permits an employer and its employees to define the scope of its piece-rate compensation system.

    Accordingly, the district court did not err in looking to the understanding of the parties to determine the scope of the piece-rate pay. *See id.* at 337–38. USX's 2013 Driver Handbook states that "[USX] pays drivers the designated mileage rate as compensation *for completing a trip and delivering a load* on behalf of [USX]." Ayala's testimony—that the load pay "cover[ed] everything I got to do in order to

get it there"—confirms the understanding of the parties. The district court therefore did not err in granting summary judgment to USX for the time period following the publication of the 2013 Driver Handbook.

      2.     Although the district court certified only one question on appeal, both Ayala and USX invite us to extend our review further. We decline to exercise our discretion to do so when the district court denied summary judgment because the legal questions turn on disputed issues of material facts yet to be determined. The parties may continue litigating their remaining claims before the district court and develop the record further.

      **AFFIRMED and REMANDED for further proceedings.** Costs to Defendants/Appellees.